IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID DITTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONAL SERVICES, | ) | **AND ORDER** |
| SCOTT FRAKES, in his individual & | ) | |
| official capacity, RANDY T. KOHL, | ) | |
| MD, in his individual & official | ) | |
| capacity, CORRECT CARE | ) | |
| SOLUTIONS, RONALD OGDEN, | ) | |
| DDS, in his individual & official | ) | |
| capacity, and LISA MATHEWS, in | ) | |
| her individual & official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff David Ditter, who is incarcerated at the Tecumseh State Correctional Institution ("TSCI"), has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Ditter's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff claims that the defendants, in their individual and official capacities, subjected him to cruel and unusual punishment by being deliberately indifferent to his serious medical needs—specifically, that the defendants failed to provide him with dental implants in order to hold his dentures in place so he can eat. Plaintiff asserts that defendant Ronald Ogden, DDS—who is a dentist employed by defendant Correct Care Solutions, which is a medical services company that provides medical and dental

care to the inmates at TSCI—knew that Plaintiff was unable to eat due to his loose dentures, that Plaintiff had a "shallow ridge," and that only dental implants would hold his upper dentures in place, but failed to refer Plaintiff to a dental specialist or oral surgeon to determine how effective dental-implant surgery would be in his individual case, contrary to Operational Memorandum 115.07.01.[1] Plaintiff alleges that Dr. Ogden told Plaintiff "he wasn't allowed to do this procedure," and that defendant Dr. Kohl advised Plaintiff that "implants . . . are not provided by Corrections. Dental implants are not covered by health insurance or by Medicaid." (Filing No. 1 at CM/ECF p. 30.)

Plaintiff also alleges that defendant Lisa Mathews, the Nebraska Department of Correctional Services ("NDCS") Americans with Disabilities Act Coordinator, told Plaintiff "that the Department would not approve the extraordinary expense for implant surgery as it would create an undue burden on the Department . . . if you were to elect to have such a surgery, it would be at your own expense." (Filing No. 1 at CM/ECF p. 37.) Mathews also told Plaintiff that the NDCS contacted an oral surgeon who determined that upper implants would be contraindicated for Plaintiff because upper implants are less successful than lower implants and because Plaintiff has significant bone loss. The surgeon allegedly opined that no oral surgeon would agree to perform dental implants in these circumstances, especially since the surgery would cost at least $15,000, a custom denture would cost $12,000, and the procedure would have a "low likelihood of success." (*Id*.) Mathews offered to accommodate Plaintiff's chewing problems by "making a soft diet available." (*Id*.)

Plaintiff claims that as a result of the defendants' failures, he is experiencing a "serious inhibition of the ability to eat . . . causing me pain and suffering, along with . . . my inability to engage in normal life activity, including chewing, eating,

---

[1] This Operational Memorandum is not attached to Plaintiff's Complaint because the prison library does "not provide copies . . . for personal use." (Filing No. 1 at CM/ECF p. 25).

2

swallowing, loss of weight and . . . nutrition deficiencies . . . ." (Filing No. 1 at CM/ECF p. 5.) Plaintiff alleges that his ill-fitting dentures have caused sores on his palate and have resulted in Plaintiff biting into the sides of his mouth when attempting to eat. (*Id.*)

Plaintiff's Complaint (Filing No. 1) alleges claims pursuant to 42 U.S.C. § 1983 (Eighth and Fourteenth Amendment); the Americans With Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, as amended ("ADA"); and the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2016). Plaintiff does not request money damages, but only an "Order that the Nebraska Department of Correctional Services provide me with 'dental implants' to secure my upper complete denture in place in my mouth while eating my daily meals." (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d

3

843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. ANALYSIS

**A. § 1983 Claims**

    **1. Official-Capacity Claims**

A suit may be brought under section 1983 only against a "person" who acted under color of state law. A state, its agencies and instrumentalities, and its employees in their official capacities are not a 'persons' "as that term is used in § 1983, and [are] not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). *See also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). Thus, Plaintiff's section 1983 claims against defendants NDCS, Frakes, Kohl, Ogden[2], and Mathews in their official capacities must be dismissed.

    **2. Individual-Capacity Claims**

Plaintiff complains that the defendants in their individual capacities subjected him to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments because they were deliberately indifferent to his serious medical needs

---

[2]It is questionable whether defendant Ogden, as an independent contractor to TSCI, has an "official capacity." Assuming he does, Plaintiff's section 1983 claim against him will be dismissed.

when they failed to provide him with dental implants in order to hold his dentures in place so he can eat.

To prevail on an Eighth Amendment claim, Plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component, requiring the plaintiff to demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). For a claim of deliberate indifference, the prisoner must "show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). It is not an Eighth Amendment violation when defendants, in exercising their professional judgment, refuse to implement an inmate's requested course of treatment. *Vaughn v. Gray*, 557 F.3d 904, 908-09 (8th Cir. 2009).

Here, Plaintiff has plausibly alleged that he suffers from an objectively serious medical need, that the defendants knew of that need through Plaintiff's repeated written and oral correspondence with them regarding his denture problems, and that the defendants have deliberately disregarded those needs since at least November 30, 2015. Therefore, this claim may proceed as against defendants Frakes, Kohl, Ogden[3],

---

[3]Independent contractors, as defendant Ogden is alleged to be, may act under color of law for purposes of section 1983. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988) (prison physician who furnished medical services to state prison inmates as part of contract with the state acted under color of state law for the purposes of § 1983); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) ("To act under color of law does not require that the accused be an officer of the State" (internal quotation

and Mathews in their individual capacities.[4] *See Farrow v. West*, 320 F.3d 1235, 1244-45 (11th Cir. 2003) (reversing grant of summary judgment in dentist's favor on prisoner's deliberate indifference claim for 15-month delay in providing dentures; prisoner alleged serious medical need by showing that lack of dentures caused "pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing medical problems," and jury question remained regarding whether dentist disregarded substantial risk of serious harm); *Wynn v. Southward*, 251 F.3d 588, 590 (7th Cir. 2001) (district court should not have dismissed prisoner's deliberate indifference claim for prison officials' failure to return dentures to prisoner after he changed cells because prisoner alleged he was unable to chew food and suffered bleeding, headaches, and disfigurement and it was unclear at pleading stage whether prison officials acted deliberately in failing to return dentures); *Boyd v. Knox*, 47 F.3d 966 (8th Cir. 1995) (prison officials' failure to refer prisoner for dental care for three weeks after observing swollen and infected tooth was unreasonable delay and raised triable fact questions); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (reversing summary judgment in prison officials' favor on inmate's § 1983 claim for deliberate indifference to serious medical needs when prison officials delayed in providing him with dentures and there was evidence that such officials were aware of

---

marks omitted)); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) ("where a private party acts under color of state law, it can be held liable under § 1983").

[4]Plaintiff should note that this is only a preliminary determination for purposes of initial review, and evidence may well exist establishing that dental implants are not medically necessary or that the defendants' refusal to provide implants was an exercise of professional judgment or some level of negligence, neither of which are constitutional violations. *See Reaves v. Voglegesang*, No. 5:10-CV-044, 2010 WL 8445306, at *3 (N.D. Tex. Nov. 23, 2010), *report and recommendation adopted*, No. 5:10-CV-00044-C, 2012 WL 666205 (N.D. Tex. Feb. 29, 2012), *aff'd*, 517 F. App'x 233 (5th Cir. 2013) (while prison officials have duty to provide prisoners with adequate dental care, such duty does not include providing dental implants when not medically necessary, as implants are considered "high-end dental treatment by organized dentistry standards" (internal quotation and citation omitted)).

prisoner's bleeding and infected gums, broken teeth, and inability to eat properly, yet failed to act to relieve pain or prescribe soft food diet).

As to defendant Correct Care Solutions—which is alleged to be a medical-service contractor with the NDCS—and assuming that its provision of dental services to Plaintiff at TSCI constitutes acting under the color of state law for purposes of section 1983, "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978)). Here, Plaintiff has not alleged that Correct Care Solutions has a "policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Id*. In other words, Plaintiff has not alleged that Correct Care Solutions has a policy or custom of deliberately disregarding state prisoners' objectively serious dental needs. To the extent Plaintiff can *plausibly* allege facts indicating the existence of such a policy or custom, I shall grant Plaintiff leave to amend his Complaint to do so.

**B. ADA Claim**

Plaintiff's purported claim under the ADA appears to be that he is an individual with a disability (a "shallow ridge") who is excluded from participation in TSCI's food program because the defendants have failed to give him dental implants to stabilize his dentures so he can eat. Besides the obvious failure to plausibly allege the elements of an ADA claim[5], Plaintiff's Complaint suffers from a more fundamental

---

[5] *Hay v. Thaler*, 470 F. App'x 411, 418 (5th Cir. 2012) (affirming district court's dismissal of prisoner's ADA claim based on his lack of natural teeth and prison's failure to provide him with dentures when prisoner failed to show how his alleged disability "made it more difficult for him to access the benefits of [the prison's] services—namely, dentures—or gave him less meaningful access to those services"); *Edmisten v. Kansas*, No. 08-3091, 2008 WL 4540460, at *4 (D. Kan. Oct. 9, 2008) (dismissing under 29 U.S.C. § 1915A prisoner's Title II ADA claim based on inability

7

defect—improper medical treatment decisions cannot serve as the basis for claims under the ADA. *Shelton v. Arkansas Dep't of Human Servs.*, 677 F.3d 837, 843 (8th Cir. 2012) ("a claim based upon improper medical treatment decision[s] may not be brought pursuant to . . . the ADA"); *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005) (ADA claim may not be based on medical treatment decisions); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005) (ADA was never intended to apply to decisions involving medical treatment); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claim under ADA was properly dismissed for failure to state claim because it was based on medical treatment decisions); *Moore v. Kohl*, No. 4:04CV3174, 2005 WL 2002084, at *1 (D. Neb. Aug. 16, 2005) ("a claim for negligent medical treatment for a disability is not actionable under the ADA").

Therefore, Plaintiff's claims under the ADA must be dismissed for failure to state a claim upon which relief can be granted.

## C. State-Law Claim

Plaintiff purports to bring a claim under the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2016), which requires the NDCS to "provide a community standard of health care to all inmates" by appointing a medical director; implementing a "credentialing" process for each health-care staff member; meeting staffing and clinic-availability requirements; implementing, reviewing, and documenting medical treatment protocols; developing

---

to speak clearly or eat due to prison's failure to restore function of inmate's jaw by replacing jaw prosthesis; concluding that prisoner failed to allege the severity of his speaking and eating problems such that his impairments could be recognized as "disability" and failed to allege that he was denied medical care "by reason of" his disability—instead, inmate's factual allegations suggested only that denial of adequate treatment could have resulted from deliberate indifference, budget constraints, retaliation, incompetence, or inadvertence).

a quality-assurance program; and getting accredited. Neb. Rev. Stat. §§ 83-4,155 to 83-4,165.

I find no statutory language, legislative history, or case law stating that the Nebraska Correctional Health Care Services Act creates a private cause of action. *Stonacek v. City of Lincoln*, 782 N.W.2d 900, 909 (Neb. 2010) ("where the Legislature has not by its express terms or by implication provided for civil tort liability, under principles of judicial restraint, it is prudent that we not do so"; the Legislature's purpose in enacting a statute is central to determining whether statute creates private civil liability); *Prof'l Mgmt. Midwest, Inc. v. Lund Co.*, 826 N.W.2d 225, 233 (Neb. 2012) ("Whether a statute creates a private right of action depends on the statute's purpose and whether the Legislature intended to create a private right of action."); Jan. 24, 2001, Nebraska Statement of Intent, 2001 Regular Session, Legislative Bill 154, NE Intent Stat., 2001 Reg. Sess. L.B. 154 (no mention of purpose to provide private cause of action); Jan. 24, 2001, Nebraska Committee Statement, 2001 Regular Session, Legislative Bill 154, NE Comm. Stat., 2001 Reg. Sess. L.B. 154 (same).

As to Plaintiff's request for injunctive relief:

> The Eleventh Amendment precludes a federal court from ordering a state, including its agencies or officials, to conform their conduct to state law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Treleven v. University of Minn.*, 73 F.3d 816, 819 n.4 (8th Cir.1996). A state may, of course, waive its *Pennhurst* immunity. However, waiver will be found only based upon "the most express language" or other "overwhelming implications from the text as will leave no room for any other reasonable construction."

*Randolph v. Rodgers*, 170 F.3d 850, 859 (8th Cir. 1999) (some citations omitted). Here, there is no allegation or other indication that Nebraska has waived its Eleventh Amendment immunity to any possible claims under the Nebraska Correctional Health Care Services Act. Accordingly, Plaintiff's purported state-law claim under the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-

4,165 (Westlaw 2016), shall be dismissed for failure to state a claim upon which relief can be granted.

### D.  Request for Appointment of Counsel

Plaintiff's Complaint requests the appointment of counsel.  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* (internal citation and quotation marks omitted).  As the defendants have not yet been served and filed answers or dispositive motions, no such benefit is apparent at this time.  Thus, Plaintiff's request for the appointment of counsel will be denied.

IT IS ORDERED:

1.     Plaintiff's 42 U.S.C. § 1983 claim against defendants NDCS, Frakes, Kohl, Ogden, and Mathews in their official capacities is dismissed for failure to state a claim upon which relief can be granted.

2.     Plaintiff's 42 U.S.C. § 1983 claim against defendants Frakes, Kohl, Ogden, and Mathews in their individual capacities brought under the Eighth and Fourteenth Amendments alleging that the defendants subjected him to cruel and unusual punishment by being deliberately indifferent to his serious dental needs shall go forward.  As to defendant Correct Care Solutions, Plaintiff is granted leave to file an amended complaint alleging facts that would indicate that Correct Care Solutions has a policy or custom of deliberately disregarding state prisoners' objectively serious dental needs, to the extent Plaintiff can plausibly and truthfully do so.

3.     Plaintiff's claim under the ADA is dismissed for failure to state a claim upon which relief can be granted.

4.     Plaintiff's state-law claim under the Nebraska Correctional Health Care Services Act, Neb. Rev. Stat. §§ 83-4,153 to 83-4,165 (Westlaw 2016), is dismissed for failure to state a claim upon which relief can be granted.

5.      Plaintiff's request for the appointment of counsel is denied.

6.     Plaintiff may file an amended complaint *solely* related to his 42 U.S.C. § 1983 claim against Correct Care Solutions within **30 days** of the date of this Memorandum and Order.  Plaintiff's amended complaint shall be considered supplemental to Plaintiff's initial Complaint.  Plaintiff's failure to file an amended complaint in accordance with this Memorandum and Order will result in the court dismissing this case without further notice to Plaintiff.

7.     The clerk of the court is directed to set the following pro se case management deadline: March 6, 2017: check for amended complaint.

DATED this 30th day of January, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge