IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID DITTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, in his individual & official capacity, RANDY T. KOHL, MD, in his individual & official capacity, CORRECT CARE SOLUTIONS, RONALD OGDEN, DDS, in his individual & official capacity, and LISA MATHEWS, in her individual & official capacity, | ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Pursuant to this court's January 30, 2017, order (Filing 12), Plaintiff has filed an Amended Complaint (Filing 14) that complies with the court's order to allege facts indicating that defendant Correct Care Solutions has a policy or custom of deliberately disregarding state prisoners' objectively serious dental needs in order to increase its profit. Accordingly, this claim may proceed to service of process, along with Plaintiff's 42 U.S.C. § 1983 Eighth and Fourteenth Amendment claims for prospective injunctive relief against defendant Nebraska Department of Correctional Services and defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their individual[1] and official capacities alleging that the defendants are subjecting Plaintiff

---

[1]It is likely that Plaintiff's claim for injunctive relief against defendants Frakes, Kohl, Ogden, and Mathews in their individual capacities will be analyzed as an official-capacity claim because the relief requested (dental implants) would be provided by the NDCS and the other defendants in their official, not individual,

to cruel and unusual punishment by being deliberately indifferent to his serious dental needs.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiff's 42 U.S.C. § 1983 Eighth and Fourteenth Amendment claims for prospective injunctive relief against defendants Nebraska Department of Correctional Services, Correct Care Solutions, and defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their individual and official capacities may proceed to service of process.

2. For service of process on defendants Nebraska Department of Correctional Services and Frakes, Kohl, Ogden, and Mathews in their **official** capacities, the clerk of the court is directed to complete a summons form and a USM-285 form for such defendants using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (Filing 1), the Amended Complaint (Filing 14), this court's previous Memorandum and Order on initial review (Filing 12), and a copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve defendants Nebraska Department of Correctional Services and Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their official capacities at the office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE**

---

capacities. *See* B.K. ex rel. Kroupa v. 4-H, 877 F. Supp. 2d 804, 816 (D.S.D. 2012), *aff'd sub nom.* Kroupa v. Nielsen, 731 F.3d 813 (8th Cir. 2013) (court analyzed claim for injunctive relief asserted against defendants in both individual and official capacities as official-capacity claim since relief plaintiff requested would be provided by defendants in their official, not individual, capacities).

[2]Although the court finds that Plaintiff's claims may proceed against Defendants, the court cautions him that this is only a preliminary determination based on the allegations of the Amended Complaint and is not a determination of the merits of his claims or potential defenses thereto.

**68509**. *See* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-510.02 (Reissue 2016).³

3. The clerk of the court is directed to obtain the last-known address for defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, Lisa Mathews, and Correct Care Solutions from the United States Marshals Service for service of process on defendant Correct Care Solutions and defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their **individual** capacities. Once such addresses are obtained, the clerk of the court is directed to complete a summons form and a USM-285 form for such defendants using the addresses provided by the Marshals Service and forward them together with a copy of the Complaint (Filing 1), the Amended Complaint (Filing 14), this court's previous Memorandum and Order on initial review (Filing 12), and a copy of this Memorandum and Order to the Marshals Service for service of process on defendant Correct Care Solutions and defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their individual capacities. **The Marshals Service shall serve defendants Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their individual capacities using any of the following methods: personal, residence, certified mail, or designated delivery service. The Marshals Service shall serve defendant Correct Care Solutions by using any of the following methods: personal, residence, certified mail, designated delivery service, or by delivering the above-referenced materials to an officer, director, a managing, registered, or general agent, or any other agent authorized by appointment or by law to receive service of process or by certified mail or designated delivery service to the corporation's registered office.** *See*

---

³Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[Federal Rule of Civil Procedure 4(e) & 4(h)](#); [Neb. Rev. Stat. §§ 25-508.01 & 25-509.01](#) (Westlaw 2016).

4.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5.  The clerk of the court is directed to file under seal any document containing the last-known personal addresses for the defendants.

6.  The clerk of the court is directed to set the following pro se case management deadline: July 13, 2017: check for completion of service of process.

DATED this 12th day of April, 2017.

> BY THE COURT:
> s/ *Richard G. Kopf*
> Senior United States District Judge