IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID DITTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, in his individual & official capacity, RANDY T. KOHL, MD, in his individual & official capacity, CORRECT CARE SOLUTIONS, RONALD OGDEN, DDS, in his individual & official capacity, and LISA MATHEWS, in her individual & official capacity, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff has again moved for appointment of counsel, stating that he has limited access to the law library; expert testimony will be necessary, and a lawyer is needed to conduct cross-examination of the expert; a lawyer would be better equipped to present evidence and examine witnesses at trial, especially considering Plaintiff's "Hearing Disability in both ears"; and Plaintiff has sent letters to approximately 25 attorneys seeking representation, all of whom have refused. (Filing 19, at CM/ECF pp. 1-2; Filing 12 at CM/ECF p. 10.)

This case is still in its early stages, as the court has only recently reviewed Plaintiff's amended complaint (Filing 14; Filing 16) and ordered service of process, which is to be completed by mid-July, 2017. At this stage of the proceedings, it is not clear that Plaintiff and the court will benefit from the appointment of counsel. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or

statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

Thus, Plaintiff's request for the appointment of counsel will be denied without prejudice to reassertion should this matter ultimately be scheduled for trial.

IT IS ORDERED that Plaintiff's Motion for Appointment of Counsel (Filing 19) is denied without prejudice to reassertion should this matter ultimately be scheduled for trial.

DATED this 15th day of May, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge