IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID DITTER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3159 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, in his individual & official capacity, RANDY T. KOHL, MD, in his individual & official capacity, CORRECT CARE SOLUTIONS, RONALD OGDEN, DDS, in his individual & official capacity, and LISA MATHEWS, in her individual & official capacity, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at the Tecumseh State Correctional Institution ("TSCI"), brings this 42 U.S.C. § 1983 action against Defendants for allegedly subjecting him to cruel and unusual punishment by being deliberately indifferent to his serious medical needs—that is, refusing to replace Plaintiff's poorly fitting dentures with dental implants. After initial review, the court allowed Plaintiff's Eighth and Fourteenth Amendment claim for prospective injunctive relief (the only type of relief requested) to proceed against the Nebraska Department of Correctional Services, Correct Care Solutions, and Scott Frakes, Randy T. Kohl, Ronald Ogden, and Lisa Mathews in their individual and official capacities. (Filing No. 12; Filing No. 16.)

The parties have filed several miscellaneous motions: Plaintiff's Motion for Appointment of Counsel (Filing No. 38); Plaintiff's Motion for an Order to Produce Plaintiff for an Examination by an Outside Oral Surgeon (Filing No. 40); Defendants' Motion to Dismiss Dr. Ronald Ogden and Correct Care Solutions, LLC (Filing No. 43); Plaintiff's Motion for Permission to Amend Complaint to Add Nominal, Compensatory, and Punitive Money Damages (Filing No. 50); Plaintiff's Motion to Compel (Filing No. 52); and Plaintiff's Motion for Leave to Amend or File Supplemental Pleadings (Filing No. 54).

## Motion for Appointment of Counsel

As Plaintiff was previously advised (Filing No. 12; Filing No. 20), it is not clear that Plaintiff and the court will benefit from the appointment of counsel at this point. Through his filing of multiple pleadings, motions, responses, objections, and letters to the court, Plaintiff has demonstrated his ability to competently present his claims to the court and manage his litigation without assistance. Thus, Plaintiff's request for the appointment of counsel will once again be denied without prejudice. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (there is no constitutional or statutory right to appointed counsel in civil cases, and 28 U.S.C. § 1915(e) says court "may" appoint counsel; "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments"); *Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (unpublished) (appointed counsel may not be warranted early in proceedings and when it is not clear that plaintiff has difficulty in obtaining and presenting admissible evidence and lacks skills to present case to jury); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (internal citation and quotation marks omitted)).

## Motion to Produce Plaintiff for Examination

Citing Fed. R. Civ. P. 35, Plaintiff moves to "be examined by an outside oral surgeon to determine the success of dental implant surgery in Plaintiff's case" and to have that surgeon prepare a written report setting forth the surgeon's findings. (Filing No. 40.) Plaintiff's motion will be denied because Rule 35 does not grant the court authority to appoint an expert to examine a party who wants a medical examination of himself. *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (unpublished) (Fed. R. Civ. P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"; rather, it allows "the court to order a party to submit to a physical examination at the request of an opposing party"); *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009) (denying plaintiff prisoner's request for appointment of expert to evaluate prisoner's medical condition in § 1983 deliberate-indifference case because Fed. R. Civ. P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the request of an opposing party. . . . no civil litigant, even an indigent one, has a legal right to such aid"); *Sherrod v. Ryan*, No. CV-15-00296, 2016 WL 5219449, at *1 (D. Ariz. Sept. 20, 2016) (same); *Foster v. Lombardi*, No. 1:12-CV-00116, 2013 WL 3820718, at *1 (E.D. Mo. July 23, 2013) ("Rule 35 does not vest the court with authority to appoint an expert to examine a party on his own motion."); *Grace v. Hakala*, No. 1:11CV81, 2012 WL 2190902, at *3 (E.D. Mo. June 14, 2012) (same); *Cabrera v. Williams*, 2007 WL 2682163 at *2 (D. Neb. Sept.7, 2007) (same).

## Motion to Dismiss Dr. Ronald Ogden & Correct Care Solutions, LLC

Defendants Dr. Ronald Ogden and Correct Care Solutions, LLC, ("CCS") move (Filing No. 43) to dismiss Plaintiff's claims for injunctive relief against them under Fed. R. Civ. P. 12(b)(1) because these Defendants no longer provide services to inmates at TSCI, where Plaintiff is incarcerated, and therefore do not have the ability or authority

to provide the injunctive relief Plaintiff is seeking. (Filing No. 44-1, Dec. W. Colton Cline ¶ 6 ("July 24, 2017 was the last day CCS provided services at TSCI. CCS is no longer under contract with the State of Nebraska and is no longer providing services at TSCI."); Filing No. 44-2, Decl. Ronald Ogden, DDS ¶ 4 ("Because CCS terminated its contract to provide medical services at TSCI, my contract with CCS to perform dental services at TSCI also terminated. My last day working at TSCI was July 24, 2017.").)

Insofar as Plaintiff's claim for injunctive relief is concerned, I shall grant the motion to dismiss Defendants Ogden and CCS in part because the actions that would be required by an injunction would be impossible for these Defendants to execute since they are no longer employed by TSCI, making Plaintiff's claim for injunctive relief moot. *Randolph v. Rodgers*, 253 F.3d 342, 345 (8th Cir. 2001) (when actions required by injunction would be impossible for correctional-center defendants to execute because plaintiff was moved to another institution, plaintiff's claims for injunctive relief against defendants were moot); *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) (noting that a case is moot when circumstances change to such a degree that "a federal court can no longer grant effective relief"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (concluding that claim for injunctive relief against warden was moot because prisoner was transferred to another prison). However, these Defendants shall remain parties as to Plaintiff's forthcoming Second Amended Complaint, which shall contain a request for monetary damages (see discussion below).

### **Motions to Amend Complaint to Add Money Damages**

Nine days after Defendants Ogden and CCS moved to dismiss Plaintiff's claims for injunctive relief against them, Plaintiff filed a Motion for Permission to Amend Complaint to Add Nominal, Compensatory, and Punitive Money Damages (Filing No. 50) and, later, a Motion for Leave to Amend or File Supplemental Pleadings (Filing No. 54). Plaintiff requests money damages for the "pain & suffering" he has experienced from ill-fitting dentures and for damage to his healthy lower front teeth, which

4

Defendant Ogden and CCS allegedly "ground off . . . to make Plaintiff[']s upper denture fit, knowing that by grinding down healthy teeth it would leave nerves exposed . . . ." (Filing No. 50 at CM/ECF p. 1.)

In order to amend a pleading to which a responsive pleading is required, Fed. R. Civ. P. 15(a) requires the opposing party's written consent or the court's leave to amend when a party requests permission to amend more than 21 days after service of a responsive pleading or filing of a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier. Here, Defendants Frakes, Kohl, Mathews, and NDCS filed an Answer on June 30, 2017 (Filing No. 34), and Defendants Ogden and CCS filed an Answer on July 3, 2017 (Filing No. 35). Plaintiff's motions for leave to amend were not filed until August 10, 2017 (Filing No. 50), and September 11, 2017 (Filing No. 54). Therefore, in order to amend his Complaint (Filing No. 1) and Amended Complaint (Filing No. 14), Plaintiff must receive "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The Defendants have neither responded to Plaintiff's motions to amend nor indicated their consent to Plaintiff's motions to amend; therefore, Plaintiff may amend his Complaints only with "the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

> A district court can refuse to grant leave to amend a pleading only where it will result in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). However, delay alone is insufficient to deny a motion for leave to amend. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show it will be unfairly prejudiced. *See Mercantile Trust Co. v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1012 (8th Cir. 1976).

*Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).

Here, discovery has been stayed pending the court's ruling on Defendant Ogden's and CCS's Motion to Dismiss, so granting the motions to amend will not result in undue delay; there is no evidence of bad faith or dilatory motive on Plaintiff's part; Plaintiff moved to amend to add a request for money damages as soon as he realized (by virtue of Ogden's and CCS's Motion to Dismiss) that his sole claim for injunctive relief would be moot as against them; Defendants have not objected to Plaintiff's requested amendment; and Plaintiff moved to amend within the time allowed by the court's Progression Order (Filing No. 36 ("All motions to amend the pleadings shall be filed on or before **September 13, 2017**.")).

Therefore, Plaintiff's Motion for Permission to Amend Complaint to Add Nominal, Compensatory, and Punitive Money Damages (Filing No. 50) and Motion for Leave to Amend or File Supplemental Pleadings (Filing No. 54) are granted, and Plaintiff shall file a Second Amended Complaint *only* to add a request for money damages. Plaintiff shall add no additional claims or defendants.

## Motion to Compel

Plaintiff moves (Filing No. 52) to compel Defendants to give "more definite" answers to interrogatories and to provide certain documents. Plaintiff's Motion shall be denied because he has failed to follow Local Rule 7.1(i), which states:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

Plaintiff in this case has not shown that he engaged in "personal consultation with opposing parties," made "sincere attempts to resolve differences," and the "parties cannot reach an accord"—including the "date, time, and place of the communications and the names of all participating persons." NECivR 7.1(i). Therefore, Plaintiff's Motion to Compel shall be denied. NEGenR1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules.").

### **"Objections"**

Both parties have filed "objections" to various motions. (Filing No. 48; Filing No. 50-2; Filing No. 53). Local Civil Rule 7.1 provides in part: "The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A). Accordingly, the court will treat the parties' "objections" as briefs in opposition, and the Clerk of Court will be directed to term the objections as pending motions.

IT IS ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (Filing No. 38) is denied without prejudice.

2. Plaintiff's Motion for an Order to Produce Plaintiff for an Examination by an Outside Oral Surgeon (Filing No. 40) is denied.

3. Defendants' Motion to Dismiss Dr. Ronald Ogden and Correct Care Solutions, LLC, (Filing No. 43) pursuant to Fed. R. Civ. P. 12(b)(1) is granted in part, and these Defendants are dismissed *only* insofar as Plaintiff's claim for *injunctive* relief is concerned. The Motion to Dismiss is denied in part as to Plaintiff's forthcoming

request for monetary relief against Defendants Ogden and Correct Care Solutions, LLC, to be included in Plaintiff's anticipated Second Amended Complaint.

4. Plaintiff's Motion for Permission to Amend Complaint to Add Nominal, Compensatory, and Punitive Money Damages (Filing No. 50) and Plaintiff's Motion for Leave to Amend or File Supplemental Pleadings (Filing No. 54) are granted, and Plaintiff shall file a Second Amended Complaint *only* to add a request for money damages. Plaintiff shall add no additional claims or defendants. Plaintiff's Second Amended Complaint shall be filed on or before October 30, 2017, and such Complaint shall be considered as supplemental to Plaintiff's Complaint (Filing No. 1) and Amended Complaint (Filing No. 14). Plaintiff shall not file any additional motions to amend his complaints.

5. Plaintiff's Motion to Compel (Filing No. 52) is denied.

6. The Clerk of Court shall term the parties' "objections" (Filing Nos. 48, 50-2, 53), and such objections shall be treated as briefs in opposition.

7. The stay of discovery entered on August 2, 2017, (Filing No. 47) as to Defendants Ogden and Correct Care Solutions, LLC, is lifted. A new Progression Order (Filing No. 36) will be issued in due course.

8. The Clerk of Court shall set a pro se case management deadline as follows: October 30, 2017—Plaintiff's Second Amended Complaint due.

DATED this 11th day of October, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge